# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF RHODE ISLAND

IN RE:     ROBIN EDUARDO GONZALEZ and     Case No. 08-11939-ANV
            SAYI EVANGELISTA MARTINEZ,     Chapter 7
               Debtors

### MEMORANDUM IN SUPPORT OF MOTION OF
### MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
### FOR RELIEF FROM THE AUTOMATIC STAY

1.     Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc., successor to Mortgage Electronic Registration Systems, Inc., as nominee for Wilmington Finance (the "Lender") is a lending organization, with a mailing address of P.O. Box 2026, Flint, Michigan. Countrywide Home Loans, Inc. services this loan for the Lender.

2.     Counsel to the Lender, Partridge Snow & Hahn LLP, collects debts for mortgage lenders and any information obtained in that regard will be used for that purpose.

3.     Upon information and belief, Robin Eduardo Gonzalez and Sayi Evangelista Martinez (the "Debtors") reside at 309 Bucklin Street, Providence, Rhode Island, and the above case was commenced on June 27, 2008, by the filing of a petition for relief pursuant to Chapter 7 of Title 11 of the United States Code.

4.     The Debtors are the owners of that certain real estate and improvements located at 309 Bucklin Street, Providence, Rhode Island (the "Premises").

5.     On or about June 30, 2006, the Debtors executed a promissory note in favor of the Lender having an original principal balance of $224,800.00 (the "Note").

6.     On or about June 30, 2006, as security for the payment of the Note, the Debtors granted a first mortgage on the Premises (the "Mortgage") to the Lender. The Mortgage was recorded in the Land Evidence Records of the City of Providence, Rhode Island, in Book

**In Re:  Robin Eduardo Gomez and Sayi Evangelista Martinez**
          **Case No. 08-11939-ANV, Chapter 7**

8144 at Page 148.

      7.      The Note and the Mortgage are now and continually have been in default since January 1, 2008, due to the failure of the Debtors to make payments thereunder.

      8.      As of May 15, 2008, there was due and owing pursuant to the Note the amount of $234,851.11, plus interest and expenses, including reasonable attorneys' fees.

      9.      As of July 10, 2008, the total amount in arrears is $18,098.24, which can be broken down as follows:

| | |
|---|---|
| 7 payments of $2,083.36 each (1/1/08 – 7/1/08) | $14,583.52 |
| Foreclosure legal fees and costs | $ 2,814.72 |
| Bankruptcy legal fees and costs for motion | $    700.00 |
| TOTAL: | $18,098.24 |

      10.      In addition to the Mortgage, there are additional liens and encumbrances on the Premises as set forth below:

(a)  Mortgage to Mortgage Electronic Registration Systems, Inc. dated June 30, 2006 in the original amount of $56,200.00, and recorded in Book 8144 at Page 172.

      11.      The total of all liens and encumbrances on the Premises is approximately $291,0551.11.

      12.      The Debtors list the value of the Premises as $280,500.00 in their Schedules.

      13.      The Debtors have indicated in their Statement of Intention that they intend to surrender the Premises to the Lender.

      14.      The Lender is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362 (d)(1) for cause, including the lack of adequate protection, for the failure of the

In Re:  Robin Eduardo Gomez and Sayi Evangelista Martinez
        Case No. 08-11939-ANV, Chapter 7

Debtors to make payments to the Lender pursuant to the terms of the Note and the Mortgage, and pursuant to 11 U.S.C. § 362 (d)(2)(A) and (B) because of the lack of equity in the Premises for the Debtors' estate, and because the Premises is not necessary to an effective reorganization, as this is a Chapter 7 liquidation.

       15.    The Lender further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement.  The Lender may contact the Debtors via telephone or by written correspondence to offer such an agreement.  Any such agreement shall be non-recourse unless included in a Reaffirmation Agreement.

       16.    The Lender will be irreparably harmed unless it is granted relief from the automatic stay.

       WHEREFORE, the Lender prays that the automatic stay existing pursuant to 11 U.S.C. § 362 be modified to permit the Lender and/or its successors and/or assigns to exercise its rights pursuant to the Note and the Mortgage, including the power of sale with respect to the Premises; that, if the requested relief from stay is unopposed, it be granted a waiver of the ten day stay imposed by Fed. R. Bankr. P. 4001 (a)(3); and that the Lender and/or its successors and/or assigns have such other and further relief as is just, including the right to evict the Debtors from the Premises should the Lender and/or its successors and/or assigns be the successful bidder at foreclosure.

**In Re:  Robin Eduardo Gomez and Sayi Evangelista Martinez
  Case No. 08-11939-ANV, Chapter 7**

        MORTGAGE ELECTRONIC
        REGISTRATION SYSTEMS, INC.

        By Its Attorneys,

        PARTRIDGE SNOW & HAHN LLP

        /s/ Charles A. Lovell
        Charles A. Lovell (#4004)
        2364 Post Road, Suite 100
        Warwick, RI 02886
        (401)681-1900/FAX(401)681-1910
        cal@psh.com

Dated:  July 15, 2008

995620_1/6301-1931